UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

**DENISE MEYERS**                                                                                       **PLAINTIFF**

**V.**

**LITTLE RED SCHOOLHOUSE IV, INC.**

**and**

**LITTLE RED SCHOOLHOUSE X, INC.**

**and**

**LITTLE RED SCHOOL HOUSE XIV, INC.**

**and**

**REE MIDWEST, INC. d/b/a**
**RAINBOW CHILD CARE CENTER, INC.**                                     **DEFENDANTS**

## COMPLAINT WITH JURY DEMAND

Comes now the Plaintiff, by and through counsel, and for her cause of action against the Defendants states as follows:

## PRELIMINARY STATEMENT

1. This is a damages action under 42 U.S.C. §12101, *et seq.*, The Americans with Disabilities Act of 1990, as amended, and supplemental state law claims against the Defendants for disability discrimination and the constructive discharge of the Plaintiff in violation of Kentucky public policy.

## PARTIES AND JURISDICTION

2. At all relevant times herein, Plaintiff, Denise Meyers, was an adult female individual and resident of Edgewood, Kenton County, Kentucky, and prior to her termination from

1

employment, was employed with Defendants as a lead teacher and assistant director in Edgewood, Kenton County, Kentucky. Plaintiff is an employee within the meaning of 42 U.S.C. §12111(4) and K.R.S. §344.030(5).

3. At all relevant times herein, Defendants, Little Red SchoolHouse IV, Inc., Little Red SchoolHouse X, Inc. and Little Red School House XIV, Inc. (hereinafter collectively referred to as "Defendants LRSH") were Kentucky corporations having their principal place of business in Crescent Springs, Kenton County, Kentucky. Defendants were employers of the Plaintiff within the meaning of 42 U.S.C. §12111(5) and K.R.S. §344.030(2).

4. At all relevant times herein, Defendant REE Midwest, Inc. was a Kentucky foreign corporation having its principal place of business in Troy, Michigan and conducting business under the assumed name of Rainbow Child Care Centers, Inc. Defendant was an employer of the Plaintiff within the meaning of 42 U.S.C. §12111(5) and K.R.S. §344.030(2) and/or a successor in interest of Defendants LRSH under both Kentucky and federal law.

5. The Plaintiff filed charges with the Equal Employment Opportunity Commission (EEOC) on or about January 24, 2014.

6. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter on June 5, 2014. The Plaintiff has exhausted all required administrative remedies.

7. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §12117.

8. Jurisdiction over the state law claims is conferred upon this Court by 28 U.S.C. § 1367, which provides for supplemental jurisdiction over state law claims which are so related to the federal law claims that they form one case or controversy for Article III purposes.

9. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further allege as follows:

10.     Plaintiff was employed by the Defendants LRSH between approximately March 2004 and December 20, 2013 as a teacher and assistant director.

11.     On or about July 14, 2013 the Plaintiff's son tragically passed away.

12.     The Plaintiff took a leave of absence from approximately July 14, 2013 until August 24, 2013. During this time period she treated with medical professionals for depression. In August 2013 she requested to return to work full time. The Defendants LRSH allowed her to return to work, but only in the capacity as a teacher. She was not allowed to resume duties as assistant director.

13.     While she continued to suffer from symptoms related to depression, from her return in August 2013 until her employment with the Defendants LRSH ended, she maintained her ability to perform her jobs. Since the termination of her employment with Defendants LRSH she continues to suffer from symptoms related to depression but she has been capable to work in her capacity as a teacher and assistant director.

14.     On or about September 18, 2013 the Plaintiff received a glowing performance review as both a teacher and assistant director. The teacher review included high marks and praise in all categories reviewed which were "Teacher Performance," "Room Responsibilities," "Communication," and "Professionalism." The assistant director evaluation contained high marks and praise in all categories reviewed which were "Assistant Director Performance," "Communication," and "Professionalism."

15.     At all times herein, when not on a leave of absence, the Plaintiff was performing her job duties as a teacher and as assistant director competently and in a manner which should have met the reasonable business expectations of the Defendants LRSH.

16.     The Plaintiff continued to work full time until November 2013 when Defendants LRSH, by and through their employees, agents and/or representatives cut the Plaintiff's hours to part time, perceiving she was continuing to suffer from impairment related to depression stemming from the loss of her son.

17.     In December 2013 an employee, agent, and/or representative of Defendants LRSH approached Defendants LRSH corporate officers and requested the Defendants LRSH terminate the employment of the Plaintiff because of the perceived mental/psychological condition and disability of the Plaintiff.

18.     After this request, the Plaintiff was required to attend a meeting which included Defendants LRSH officers Chip and Jan Malley and Defendants LRSH education coordinator Danielle Corbin. At this meeting, it was relayed to the Plaintiff that complaints were received by parents and staff about her performance, they were concerned for the well-being of the children in her classroom, and she had returned too early from her leave of absence. When the Plaintiff requested information concerning the complaints, she was not provided with any information. The Defendants LRSH also could not explain how she was a safety hazard to the children in her class. Indeed, she posed no safety risk to anyone at her work facility. Upon information and belief, no other teacher employed by the Defendants LRSH has been forced to take a medical/psychological leave of absence related to alleged staff or parent complaints. The Plaintiff did not believe she needed to take a leave of absence, and in an effort to appease the Defendants LRSH, she offered to work on a part time schedule. Defendants LRSH officers

4

indicated there was no part time work available. The Plaintiff responded she could continue to work full time. It was decided by Defendants LRSH officers and employees, however, the Plaintiff would be taken off of work and would not be allowed to return to work until June or September 2014 at which time they would assess her medical/psychological state to determine if she could return to work. The Plaintiff was informed her last day of work would be December 20, 2013.

19. Defendants LRSH memorialized this meeting in the form of an "agreement" drafted by their employees, agents, and/or representatives which indicated as follows:

"Employee: Denise Meyers

Denise has decided to take a leave of absence from her position as a lead 2/3 year old teacher beginning December 20, 2013.

When Denise feels that she is ready to return working full time, Denise and members of the corporate office team will meet to decide the logistics of this return.

If corporate office deems she is ready to return to full time and fulfill her job description in full, she will begin working. At a semester break, first week of June or first week of September, Denise can return to her class.

Denise is welcome to substitute teach at all Little Red campuses during this time off.

During this time she is on leave, Denise will not lose any of her tenure with the company. Her vacation and years in will remain consistent with when she took her leave. Her salary will also remain the same is she comes back in a lead teaching position.

Little Red School House will pay for the first month of Cobra.

5

**Terms of agreement:**

LRSH will allow Denise to go on unemployment as well as continue to conduct trainings only if the following occurs:

1. This agreement stays confidential
2. Denise assists the new hire and Ashley in preparing the classroom for the new semester
3. All items in the classroom remain there.

Please sign below:

Denise Meyers:_____

Date: _____"

20. The Defendants LRSH employees, agents, and/or representatives explained to the Plaintiff they would not oppose her unemployment claim if the conditions at the end of the agreement were met, and they instructed her she should communicate false information to the Kentucky Division of Unemployment Insurance that she was laid off. Per the terms of the "agreement," the Plaintiff was forbidden from communicating the true circumstances of her separation from employment with anyone, including the Kentucky Division of Unemployment Insurance.

21. The Plaintiff refused to sign this agreement.

22. The decision by Defendants LRSH employees, agents, and/or representatives effectively created a situation where the Plaintiff had to choose between permanent separation from her employment, or being without income generated from her work for at least six months and filing a false claim for Kentucky unemployment benefits in violation of K.R.S. §341.990(5).

23. The Defendants LRSH intentional actions created an intolerable employment situation for the Plaintiff, and forced the Plaintiff to resign from her employment of December 20, 2013.

24. Upon information and belief, on January 3, 2014 Defendants LRSH executed an agreement to sell the assets and liabilities of said Defendants LRSH to Defendant REE Midwest, Inc., and/or finalized a merger and/or consolidation. The Defendants were negotiating the sale, merger, and/or consolidation during the time period described herein when the illegal acts occurred.

25. Upon information and belief, Defendant REE Midwest, Inc. was aware of the Plaintiff's pending EEOC charge and, by and through its employees, agents, and/or representatives, was active with Defendants LRSH in attempting to resolve the claim.

26. Upon information and belief, when the sale, merger and/or consolidation took place, employees, agents, and representatives of Defendants LRSH continued their employment with Defendant REE Midwest, Inc. under substantially the same working conditions, and there was no significant disruption of business operations when the sale, merger and/or acquisition took place.

27. Upon information and belief, Defendant REE Midwest, Inc. can provide adequate relief to the Plaintiff.

28. Defendant REE Midwest, Inc. is therefore the successor in interest of Defendants LRSH and liable for the damages suffered by the Plaintiff in this matter.

## **COUNT I**

(DISABILITY DISCRIMINATION)

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

29.  The facts as alleged herein constitute direct evidence discrimination in violation of 42 U.S.C. §12112 and K.R.S. §344.040.

30.  In the alternative, the Plaintiff was disabled as defined by 42 U.S.C. §12102(1) and K.R.S. §344.010(4), a qualified individual as defined by 42 U.S.C. §12111(8), a qualified individual with a disability as described in K.R.S.§344.030(1), and/or otherwise able to perform her job position with Defendants at all times herein or otherwise was performing her job in a manner which should have met the reasonable business expectations of the Defendants.

31.  Because of her disability, the Defendants created intolerable conditions of employment and left the Plaintiff no reasonable alternative but to resign on December 20, 2013.

32.  Upon information and belief, upon her separation from employment the Plaintiff was replaced by an individual outside of her protected class of individuals and/or other individuals outside of her protected class were treated more favorably.

33.  As a proximate result of the Defendants' actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights.  Plaintiff has suffered from and continues to suffer from emotional distress, humiliation, and embarrassment all for which she should be compensated.

## **COUNT II**

(VIOLATION OF PUBLIC POLICY)

Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

34.     Part and parcel to the Defendants' scheme to remove the Plaintiff from her jobs was their insistence the Plaintiff make false statements to claim Kentucky unemployment compensation, a violation of K.R.S. §341.990(5). The Plaintiff refused to comply with the "agreement" described herein to collect unemployment compensation under false pretense and subject herself to criminal prosecution. In the face of such intolerable conditions of employment she was forced to resign.

35.     As a proximate result of the Defendants' actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights.  Plaintiff has suffered from and continues to suffer from emotional distress, humiliation, and embarrassment all for which she should be compensated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

a.     For all back pay, pre-judgment interest, fringe benefits, and any other appropriate relief necessary to make Plaintiff whole, and compensate her for the civil rights violations described above;

b.     For Plaintiff's costs herein expended, including reasonable attorney's fees;

c.     For an award of punitive damages;

d.     For a trial by jury; and

e.     For any and all other relief to which Plaintiff appears entitled.

RESPECTFULLY SUBMITTED,

ROUSH & STILZ, P.S.C


/s/ W. Kash Stilz, Jr._____
W. KASH STILZ, JR. (KBA# 89680)
19 West Eleventh Street
Covington, Kentucky 41011-3003
(859) 291-8400
(859) 291-6555 facsimile
kash@roushandtilzlaw.com
**ATTORNEYS FOR PLAINTIFF**